**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**SHIAN SMITH,**

Plaintiff, Case No. 1:24-cv-01416-MN

v.

**CHRISTIANA CARE HEALTH SERVICES, INC.,**

Defendant.

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (D.I. 14)**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2)-(3), Plaintiff Shian Smith respectfully submits the following objections to the Report and Recommendation (D.I. 14).

## I. INTRODUCTION

The Report and Recommendation recommends dismissal of multiple claims at the pleading stage. Plaintiff objects to the recommendation to dismiss (1) Title VII and DDEA retaliation (Counts IV, X, and XI), (2) ADA retaliation (Count III), (3) Title VII and DDEA gender/pregnancy discrimination (Counts VIII and IX), and (4) the denial of leave to amend.

## II. STANDARD OF REVIEW

For the portions of the Report and Recommendation to which proper objections are made, the Court must conduct de novo review. 28 U.S.C. §

636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). On a Rule 12(b)(6) motion, the Court accepts well-pleaded facts as true, draws reasonable inferences in Plaintiff's favor, and asks only whether the complaint plausibly states a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead a prima facie case to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788–90 (3d Cir. 2016).

## III. OBJECTIONS

### A. Objection No. 1: The Report and Recommendation applies an overly rigid "protected activity" standard to Plaintiff's Title VII and DDEA retaliation claims (Counts IV, X, and XI).

The Report and Recommendation concludes Plaintiff failed to plead protected activity under Title VII and the DDEA because she did not explicitly complain that denial of assistance constituted sex discrimination. (D.I. 14 at 8–9 (PageID 85)). That conclusion is too restrictive at the pleading stage and misreads what Plaintiff actually alleged.

#### *1. The Complaint Alleges Pregnancy-Specific Opposition, Not A Generic Complaint Of "Unfair Treatment."*

Protected activity includes informal opposition to discriminatory practices, and the opposition may be implicit so long as it communicates concern about discrimination on a protected basis. *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193

(3d Cir. 2015) (quoting *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 135 (3d Cir. 2006)); *Moore v. City of Phila.*, 461 F.3d 331, 341-43 (3d Cir. 2006). The Report and Recommendation relies on the principle that general complaints of unfair treatment do not constitute protected activity. (D.I. 14 at 9 (PageID 85) (citing *Barber v. CSK Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995))). But Plaintiff did not allege a general fairness complaint.

Plaintiff alleged she met with her supervisor and explained she was being left to manage the front office alone "despite being 39 weeks pregnant," experiencing contractions and swelling, and feeling unsafe, and that she raised concerns about her well-being and the health of her unborn child. (D.I. 1 ¶¶ 13–14). She further alleged she made repeated requests for assistance and accommodation due to her medical condition and pregnancy complications, and none were provided. (D.I. 1 ¶¶ 15–16, 23). Those allegations are explicitly pregnancy-based and plausibly constitute opposition to pregnancy/sex-based treatment at the notice-pleading stage.

2. *The Report and Recommendation Improperly Requires "Magic Words" And Resolves Factual Inferences Against Plaintiff.*

At Rule 12, the Court must draw reasonable inferences in Plaintiff's favor. *Iqbal*, 556 U.S. at 678. A reasonable inference from ¶¶ 13–16 and ¶ 23 is that Plaintiff was protesting being required to work alone in a high-volume setting precisely when her pregnancy complications created obvious safety risks, and that her requests were

directed at pregnancy-related treatment and the employer's refusal to accommodate or adjust assignments. (D.I. 1 ¶¶ 13–16, 23). The Report and Recommendation effectively requires Plaintiff to plead that she expressly characterized the conduct as "sex discrimination," which is not the pleading standard under Twombly/Iqbal or Connelly.

3. *Causation Is Plausibly Alleged And Should Be Reached Once Protected Activity Is Credited.*

The Report and Recommendation does not reach causation because it rejects protected activity. (D.I. 14 at 8–9 (PageID 85)). But the Complaint alleges a tight timeline supporting causation: Plaintiff raised pregnancy-complication concerns and requested assistance/accommodation (Nov. 16 meeting; continued issues culminating Nov. 24), and she was terminated on Nov. 27 – one week before her scheduled FMLA maternity leave. (D.I. 1 ¶¶ 12–17, 23). That temporal proximity, combined with the pleaded narrative, plausibly supports retaliatory motive at the pleading stage. See Moore, 461 F.3d at 342 (temporal proximity is relevant to causation).

For these reasons, the Court should reject the recommendation to dismiss Plaintiff's Title VII and DDEA retaliation claims (Counts IV, X, and XI). (D.I. 14 at 8–9 (PageID 85)).

**B. Objection No. 2: The Report and Recommendation overlooks pleaded facts that identify the requested accommodation and therefore errs in dismissing ADA retaliation (Count III).**

The Report and Recommendation correctly states that requesting a reasonable accommodation is protected activity under the ADA. (D.I. 14 at 9–11 (PageID 86–88) (citing, *inter alia, Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d Cir. 2010); *Krouse v. Am. Sterilizer Co*., 126 F.3d 494, 502 (3d Cir. 1997); *Shellenberger v. Summit Bancorp, Inc*., 318 F.3d 183, 191 (3d Cir. 2003))). It then dismisses Count III as "conclusory" because Plaintiff allegedly did not articulate what accommodation she requested. (D.I. 14 at 10–11 (PageID 87–88)). That is incorrect on the face of the Complaint.

*1. The Complaint Identifies The Accommodation Sought: Not Working Alone And Reasonable Time Off.*

The Report and Recommendation states it is left to "speculate" whether Plaintiff asked "to be excused from working alone, for assistance from other employees or for some other accommodation." (D.I. 14 at 11 (PageID 88)). But Plaintiff pleaded precisely that: "Plaintiff's requested accommodation included allowing Plaintiff reasonable time off to treat her disability and to not work alone." (D.I. 1 ¶ 82) (emphasis added). Plaintiff also pleaded she made repeated requests for assistance and accommodation and that none were provided. (D.I. 1 ¶¶ 15–16, 23).

Those allegations remove the "speculation" concern and plausibly plead a request for accommodation.

2. *The Report And Recommendation's Reliance On The Absence Of The Word "Accommodation" In ¶¶ 13–14 Is Too Formalistic.*

The Report and Recommendation reasons that ¶¶ 13–14 describe concerns but do not mention "requesting an accommodation," and that only ¶ 15 contains the accommodation assertion. (D.I. 14 at 10–11 (PageID 87–88)). But ADA pleading does not require a plaintiff to use the word "accommodation" in the factual narrative if the pleaded facts plausibly describe a request for assistance/adjustment due to a medical condition. *See Shellenberger*, 318 F.3d at 191 (protected activity where plaintiff made good-faith accommodation request). Here, Plaintiff alleged pregnancy-complication symptoms, unsafe working conditions, repeated requests for assistance, and a specific accommodation – "to not work alone" – within the Complaint itself. (D.I. 1 ¶¶ 13–16, 23, 82).

Because the requested accommodation is pleaded, and because requesting accommodation is protected activity under the ADA, the Court should reject dismissal of Count III.

### C. Objection No. 3: The Report and Recommendation improperly treats comparator pleading as required and discounts "other circumstances" supporting an inference of pregnancy discrimination (Counts VIII and IX).

The Report and Recommendation recommends dismissal of Title VII and DDEA pregnancy discrimination because the Complaint does not plead a similarly situated non-pregnant comparator treated more favorably and is "silent" as to the team lead's pregnancy status and discipline. (D.I. 14 at 11–13 (PageID 88–90)). That analysis conflicts with the pleading standard and the Report and Recommendation's own recognition that a plaintiff may satisfy the inference element through "other circumstances." (D.I. 14 at 11–12 (PageID 88–89)).

1. *A Plaintiff Need Not Plead A Prima Facie Case Or A Comparator At Rule 12.*

*Swierkiewicz* holds that a discrimination plaintiff need not plead a prima facie case to survive a motion to dismiss. 534 U.S. at 510-15. Connelly confirms that while elements of a prima facie case may guide the plausibility analysis, courts must not convert them into a rigid pleading checklist. 809 F.3d at 788–90. Dismissal here rests on precisely that kind of rigidity – demanding comparator particulars at the pleading stage.

2. *The Complaint Pleads Multiple "Other Circumstances" Supporting An Inference Of Pregnancy Discrimination.*

Even if a comparator is not identified, the Complaint pleads circumstances supporting an inference of pregnancy discrimination, including:

a. Plaintiff was nine months pregnant at termination and scheduled to begin maternity leave imminently. (D.I. 1 ¶¶ 8, 23).

b. Plaintiff was terminated without prior warnings, counseling, or progressive discipline. (D.I. 1 ¶¶ 7, 19).

c. Plaintiff repeatedly requested assistance/accommodation due to pregnancy complications, was left to work alone during a high-volume day, and was terminated days later. (D.I. 1 ¶¶ 13–17).

d. Plaintiff alleges she was treated differently after informing Defendant of pregnancy complications and requesting accommodations. (D.I. 1 ¶¶ 45, 84).

Those pleaded facts are more than labels and conclusions; they plausibly support an inference that pregnancy was a motivating factor and warrant discovery. Accordingly, the Court should reject dismissal of Counts VIII and IX.

**Objection No. 4: The Report and Recommendation should not foreclose leave to amend where the identified deficiencies are curable and amendment is favored.**

The Report and Recommendation denies leave to amend because Plaintiff's request was generic and did not include a proposed amended complaint. (D.I. 14 at 14–15 (PageID 91–92) (citing *LabMD Inc. v. Boback*, 47 F.4th 164, 192 (3d Cir. 2022))). Even if the Court finds the request procedurally deficient, dismissal with prejudice is not required where amendment could cure pleading issues.

The Third Circuit instructs that district courts should permit curative amendment unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, the Report and Recommendation's concerns are exactly the type typically addressed through amendment (e.g., additional detail on accommodation requests; additional factual circumstances supporting discrimination/retaliation). At minimum, Plaintiff should be granted leave to file a motion for leave to amend with a proposed amended complaint within a short, Court-set deadline.

Plaintiff will separately file a motion to amend her Complaint with a proposed Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain these objections, reject the recommendations to dismiss Counts III, IV, VIII, IX, X, and XI, and grant such other relief as the Court deems just and proper, including leave to amend in the alternative.

January 20, 2026

Respectfully submitted,

**COLLINS PRICE WARNER & WOLOSHIN**
*/s/ Raeann Warner*
Raeann Warner (# 4931)
8 East 13th Street
Wilmington, DE 19801
302-655-4600
raeann@cpwwlaw.com

and

Carla D. Aikens (Bar No. P69530)
Carla D. Aikens, P.L.C.
615 Griswold St., Suite 709
Detroit, MI 48226
Phone: (844) 835-2993
carla@aikenslawfirm.com

*Attorneys for Plaintiff Shian Smith*

## CERTIFICATION

Pursuant to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72 (Mar. 7, 2022), counsel certifies as follows: To the extent the Court deems any portion of these Objections to raise a legal or factual argument not previously presented to the Magistrate Judge, the only such matter is Plaintiff's specific reliance on the Complaint's express allegation that Plaintiff requested accommodation in the form of (i) reasonable time off and (ii) not working alone (Complaint ¶ 82).

Good cause exists because the R&R recommends dismissal on the stated premise that the Complaint does not articulate the requested accommodation, and Plaintiff's objection clarifies and directs the Court to the pleaded allegation the R&R did not address.

*/s/ Raeann Warner*
Raeann Warner